UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN GANT,

                 Plaintiff,             Case Number: 2:15-CV-11321
                                             HON. GEORGE CARAM STEEH

v.

ROMANOWSKI, ET AL.,

                 Defendants.

_____/

## <u>OPINION AND ORDER OF SUMMARY DISMISSAL</u>

Pending before the Court is Plaintiff Brian Gant's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Plaintiff's claims relate to an amended judgment of sentence entered in his criminal case. Plaintiff seeks monetary relief and also to have the amended judgment of sentence vacated. For the reasons which follow, the complaint is dismissed for failure to state a claim upon which relief may be granted.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-

-1-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Plaintiff's complaint challenges his present incarceration. He argues that his amended judgment of sentence was entered under "erroneous circumstances" and

should be vacated.  The complaint necessarily challenges the validity of Plaintiff's

sentence.  A claim under § 1983 is an appropriate remedy for a state prisoner

challenging a condition of his imprisonment.  *See Preiser v. Rodriguez*, 411 U.S. 475,

499 (1973).  In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court

established that a state prisoner does not state a cognizable civil rights claim

challenging his imprisonment if a ruling on his claim would necessarily render his

continuing confinement invalid, until and unless the reason for his continued

confinement has been reversed on direct appeal, called into question by a federal

court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254, or otherwise

invalidated.  *See also Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001) (*Heck* holding

applies equally to an action that would invalidate a federal conviction that has not been

declared invalid or otherwise impugned).  Because Plaintiff has not achieved a favorable

termination of his criminal case, this complaint is barred by *Heck*.

Accordingly, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e), for

failure to state a claim upon which relief may be granted.

**SO ORDERED**.

Dated:  May 5, 2015

s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-3-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 5, 2015, by electronic and/or ordinary mail and also on
Brian Gant #233652, Detroit Re-Entry Center,
17600 Ryan Road, Detroit, MI 48212.


s/Barbara Radke
Deputy Clerk